IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| CHRISTOPHER PEASE and JEREMY PEASE, as Personal Representatives of the Estate of HERBERT PEASE, Deceased, | ) ) ) ) | |
| Plaintiffs, | ) ) | Civil No. Case No. 08-00624-SLR |
| v. | ) ) ) | |
| FORD MOTOR COMPANY, et al., | ) ) | |
| Defendants. | ) | |

## SPECIAL MASTER'S REPORT AND RECOMMENDATION REGARDING DEFENDANT CRANE CO.'S MOTION FOR SUMMARY JUDGMENT

I. BACKGROUND

This occupational exposure to asbestos case was originally filed in the Superior Court for the State of Delaware in and for New Castle County on August 1, 2008. (D.I. 145 at 1.) When filed, there were 46 named Defendants. It was removed to the United States District Court for the District of Delaware on September 25, 2008 (D.I. 1), and subsequently transferred to the Multi-District Litigation Asbestos Docket in the United States District Court for the Eastern District of Pennsylvania (the "MDL Court"). Defendant Crane Company ("Crane Co.") filed its first Motion for Summary Judgment (hereinafter "prior motion" or "prior brief") on November 3, 2010. (D.I. 145 (Plaintiffs' Opposition to Crane's Motion for Summary Judgment) at 1.) By Order dated January 14, 2011, (the "MDL Summary Judgment Order"), the MDL Court denied Crane Co.'s prior motion. (*See* D.I. 143, Ex. A (*Pease v. A. W. Chesterton Co.*, 2011 WL 4807465, at *1 (E.D.Pa. Jan. 14, 2011)).) Crane Co. did not file a Motion for Reconsideration or Reargument pursuant to E.D. Pa. R. Civ. P. 7.1(g) within the 14 days permitted by the Rule. Nor did Crane Co. file a Notice of Opposition with the Clerk of the

1

United States Judicial Panel on Multidistrict Litigation as permitted by Rule 10.2 of the Rules of Procedure of the United States Judicial Panel on Multidistrict Litigation for the purpose of seeking further relief from the MDL Court regarding its Summary Judgment Order. (*See* D.I. 122.) On March 8, 2011, the MDL Court remanded the case to this Court with Crane Co. as the sole remaining Defendant. (*Id.*)

By Order dated March 16, 2011, this Court issued an Order of Reference appointing the undersigned as Special Master. (D.I. 130.) On August 3, 2011, the Special Master conducted a tele-conference with both parties' counsel to determine whether any outstanding issues remained to be resolved before advising the Court that the matter was ready to be scheduled for Trial. The parties were directed to meet and confer in this regard. (*See* D.I. 138.)

By Order dated August 31, 2011, the Special Master entered the Pre-Trial Scheduling Order For Matters Before Special Master. (D.I. 140.) The Scheduling Order in part set a schedule for briefing and argument on Dispositive Motions. (*Id.* at 2.)

The briefing schedule for Dispositive Motions was entered based on Crane Co.'s representations regarding the MDL Summary Judgment Order, namely:

> Whereas, Crane Co. represents that there are outstanding issues that the Court should address prior to trial of this matter. The MDL [C]ourt's order denying Crane Co.'s Motion for Summary Judgment prior to remand did not address and thus reserved for this Court the determination of the "bare metal" defense. Furthermore, there is recent supplemental authority from the MDL [C]ourt concerning the maritime choice of law issue. . . .

(D.I. 140 at 1.)

On September 15, 2011, Crane Co. filed the instant Motion for Summary Judgment (hereinafter "instant Motion" or "instant brief"). (D.I. 142.) After a thorough examination of the full briefing—citing over 48 cases and 18 exhibits, referencing in excess of 1,000 pages of deposition testimony, and holding oral arguments—the Special Master concludes for reasons stated herein:

2

First, the MDL Summary Judgment Order did not reserve for this Court the "determination of the bare metal defense."

Second, the "recent supplemental authority from the MDL Court concerning the maritime choice of law issue" has no impact on the MDL Summary Judgment Order.

Third, Crane Co.'s instant Motion for Summary Judgment is nothing more and nothing less that an untimely Motion for Reconsideration/Reargument.

The Special Master will address these conclusions *seriatim*.

II. DISCUSSION

    A.    <u>Reservation of the "Bare Metal" Defense for this Court</u>

There is no language in the MDL Summary Judgment Order that directly references a reservation of the "bare metal" defense for this Court. Indeed, there is no language in the MDL Summary Judgment Order that even points or hints in this direction.

The MDL Court referenced the "bare metal" defense twice in its six-page Order. The first reference is a simple statement that, "the Delaware Supreme Court has not yet addressed the issue of the 'bare metal' defense." (D.I. 143, Ex. A at 3.) The MDL Court went on to describe a Delaware Superior Court slip opinion that did address the "bare metal" defense. (*Id.*)[1]

The second reference, in the Special Master's view, addresses and disposes of the "bare metal" defense reserving nothing for this Court to consider. The MDL Court unequivocally stated:

> Defendant argues that even assuming that Crane Co. manufactured any of the products at issue, it would not be liable for asbestos-containing component parts which were incorporated into its products. (Defendants Mot. Summ. J. at 9.) Even if this Court accepted Defendant's "bare metal" defense, [Defendant] would not be entitled to summary judgment as Plaintiffs have raised a genuine issue of material fact as to whether Crane Co. products used by Mr. Pease contained asbestos. Accordingly, Plaintiffs have raised a genuine issue of material fact as to whether Mr. Pease was exposed to asbestos-containing products manufactured by Crane Co.

(D.I. 143, Ex. A at 6.)

3

In the Special Master's view, the MDL Summary Judgment Order could not be more clear. Moreover, although Crane Co.'s ultimate position is that the MDL Court wrongly decided the question of whether the record of this case raised a genuine issue of material of fact as to Mr. Pease's exposure to asbestos-containing products manufactured by Crane Co., the fact remains that the underlying premise for the Special Master having permitted the filing of the instant Motion for Summary Judgment is simply not accurate.

Further, although not raised or argued by the parties, the Special Master is mindful that the Order of Remand itself contains no such direction or reservation for this Court. (*See* D.I. 122.) In this regard, Special Master believes that the United States Judicial Panel on Multidistrict Litigation does not have the power to do so. (*See* 18 U.S.C.§ 1407; *In re Plumbing Fixture Cases*, 298 F. Supp. 484, 489-90 (J.P.M.L. 1968) (concluding that the Panel has no power to transfer particular issues, as distinguished from particular claims); *see also* Manual for Complex Litigation, Fourth, § 20.133.)

### B. The Supplemental Authority from the MDL Concerning the Application of Maritime Law

The Special Master is also mindful that subsequent to the issuance of the MDL Summary Judgment Order, the MDL Court issued several decisions fully explicating the application of maritime law and the so-called *Lindstrom* maritime analysis in appropriate cases. (*See* D.I. 143, Ex. B (*Conner v. Alfa Laval, Inc.*, 799 F. Supp. 455 (E.D. Pa. 2011)); *Ferguson v. Lorillard Tobacco Corp.*, No. 09-cv-91161, 2011 WL 4910416, at *1 (E.D. Pa. Mar. 2, 2011); *Delatte v. A.W. Chestertom Co.*, No. 09-cv-69578, 2011 WL 4907407, at *1 (E.D. Pa. Feb. 28, 2011); *Sweeney v. Saberhagen Holdings, Inc.*, No. 09-cv-64399, 2011 WL 346822, at *6 (E.D. Pa. Jan. 13, 2011); *see generally Lindstrom v. A-C Prods. Liab. Trust*, 264 F. Supp. 2d 583 (N.D. Ohio)). In the Special Master's view, although the

---

[1] The Special Master concludes that it is of no moment in the matter *sub judice* here that the Judge of Delaware Superior Court exclusively assigned to the asbestos cases pending in Delaware has recently issued a decision relating to the bare metal defense in *In re Asbestos Litigation*, 2011 WL 2462569, at *8–9 (Del. Super. Ct. June 7, 2011).

4

MDL Court did not provide a fulsome *Lindstrom* analysis in its Summary Judgment Order, it did address and dispose of the maritime law issue.

In this regard, after posing the question of whether maritime law applies in the case, the MDL Court concluded: "As Mr. Pease was working as a machinist mate aboard Navy ships, this Court finds that his alleged asbestos exposures had a substantial relationship to traditional maritime activities." (D.I. 143, Ex. A at 3.) The MDL Court went on to say that, "While this Court has determined that maritime law does apply to this case, the result would be the same whether this motion was decided under maritime law or under Delaware law." (*Id.*)

Finally, although the MDL Court ultimately applied Delaware law, the MDL Court nonetheless adopted the *Lindstrom* maritime law language when it concluded: "Viewing the facts in the light most favorable to Plaintiffs, Plaintiffs have created a genuine issue of material fact as to whether Defendant's asbestos-containing products were a substantial factor in causing Mr. Pease's mesothelioma." (D.I. 143, Ex. A at 5; *accord Lindstrom*, 424 F.3d 488, 492.) Indeed, as Plaintiffs point out, *Lindstrom*'s substantial factor test is a higher standard than the Delaware nexus standard. (*See* D.I. 151 (Tr. of Telephone Hearing) at 47:6–19; *compare Lindstrom*, 424 F.3d 488, 492 ("We have required that a plaintiff show, for each defendant, that. . .the product was a substantial factor in causing the injury he suffered. . .a mere showing that defendant's product was present somewhere at plaintiff's place of work is insufficient.") *with Nutt v. A.C. & S. Co., Inc.*, 517 A.2d 690, 692 (Del. Super Ct. 1986) ("To survive a motion for summary judgment, the plaintiff must proffer some evidence that not only was a particular defendant's asbestos containing product present at the job site, but also that the plaintiff was in proximity to that product at the time it was being used.").)

5

While the Special Master respectfully suggests that a more fulsome discussion of maritime law would have been helpful in the MDL Summary Judgment Order, the fact remains that the MDL Court did ultimately address the *Lindstrom* substantial factor test.

C.     Crane Co.'s Motion is an Untimely Motion for Reconsideration/Rearguement[2]

While the Plaintiffs urged the Special Master to deny Crane Co.'s Motion for Summary Judgment based on the law of the case doctrine (*see* D.I. 145 at n.3), the Special Master believes that treating it as an untimely Motion for Reconsideration/Reargument is more appropriate.[3]

Even a cursory comparison of Crane Co.'s instant brief with its prior brief demonstrates that Crane Co. is seeking a second bite at the apple long after it had the opportunity to seek either reconsideration/rearguement from the MDL Court pursuant to E.D. Pa. R. Civ. P. 7.1(g) or an opposition to remand pursuant to Rule 10.2 of the Rules of Procedure of the United States Judicial Panel on Multidistrict Litigation. For example, subsection (C) of Crane Co.'s instant brief—titled "Maritime Law Compels Dismissal Of Plaintiffs' Claims As To Crane Co. Because Crane Co. Neither Manufactured Nor Supplied The Asbestos-Containing Products At Issue"—is taken verbatim from subsection (C) of Crane Co's prior brief—titled "Crane Co. is Not Liable for Asbestos-Containing Materials Manufactured and Supplied by Third Parties." (*Compare* D.I. 143 at 5 *with* D.I. 145, Ex. B

---

[2] While Crane Co.'s arguments as they relate to the facts of this case are compelling—namely, the record before the Special Master indicates that there was an identity confusion between Crane Co. and John Crane Packing—the Special Master declines to consider the merits of these arguments as this Motion for Summary Judgment is an untimely Motion for Reconsideration/Rearguement.

[3] The Special Master is mindful of the decisional law of this Court standing for the proposition that, "Any legal rulings or opinions stated by [the predecessor judge] during the course of denying [a motion] for summary judgment . . . are understood not to be binding as the law of the case." (*Coca-Cola Bottling Co. of Elizabethtown v. Coca-Cola Co.*, 769 F. Supp. 599, 614 (D.Del 1991) (*aff'd* in part, *rev'd* in part on other grounds, 988 F.2d 386 (3d Cir. 1993)).) The court in *Coca-Cola* went on to quote from *Kutner Buick, Inc. v. American Motor Corp.*, 868 F.2d 614, 619 (3d Cir. 1989):

> The denial of a motion for summary judgment is an interlocutory ruling which establishes no more than that on the summary judgment record there are fact issues which should be submitted to the trier of fact. Since the record at a trial may be different, such a preliminary ruling does not determine what issues should be submitted to the jury.

*See also* Robert J. Gregory, *One Too Many Rivers to Cross: Rule 50 Practice in the Modern Era of Summary Judgment*, 23 FLA. L. REV. 689, 699–701 (1996) (discussing several circuits' unanimous position that a denial of summary judgment has no preclusive effect on a motion for judgment as a matter of law under Fed. R. Civ. P. 50).

at 8-11.) Likewise, subsection (D) of Crane Co.'s instant brief—titled "Plaintiff Has Not Established That Exposure To A Crane Co. Product Was A Substantial Factor In Causing Mr. Pease's Injury"—is taken verbatim from subsection (B) of its prior brief—titled "Plaintiff Has Not Established That Exposure to a Crane Co. Product Caused Mr. Pease's Injury." (*Compare* D.I. 143 at 9-10 *with* D.I. 145, Ex. B at 6-8.)

Furthermore, Crane Co.'s deposition exhibits for Herbert Pease, John A. Dolan, James E. Moody, and Anthony Pantaleoni cited in its prior brief are the same depositions before the Special Master. The main difference between Crane Co.'s instant brief and its prior brief is the expanded discussion section regarding "Crane packing" and the identity confusion over Crane Co. and John Crane Packing. (*See* D.I. 143 at 7–8.) This more fulsome argument is understandably a direct result of the conclusions reached in the MDL Summary Judgment Order, which in the Special Master's view is yet another indication of Crane Co. attempting a second bite at the apple.

III. CONCLUSION

For reasons stated herein the Special Master recommends that Crane Co.'s Motion for Summary Judgment should be DENIED.

THE SPECIAL MASTER'S OPINION AND ORDER WILL BECOME A FINAL ORDER OF THE COURT UNLESS OBJECTION IS TAKEN PURSUANT TO FED. R. CIV. P. 53(f)(2).

**ENTERED**, this 6TH day of January, 2012.

Vincent J. Poppiti (DSBA No. 100614)
Special Master

7