IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

CHRISTOPHER PEASE and JEREMY )
PEASE, as Personal Representatives )
of the Estate of HERBERT PEASE, )
Deceased, )
                              )
      Plaintiffs, )
                              )
v. ) Civ. No. 08-624-SLR
                              )
FORD MOTOR COMPANY, et al., )
                              )
      Defendants. )

**MEMORANDUM ORDER**

At Wilmington this 2th day of April, 2012, having reviewed the report and recommendation of Special Master Vincent J. Poppiti and the objections made thereto;

IT IS ORDERED that the report and recommendation (D.I. 152) is adopted, the objections made by defendant Crane Company ("Crane") (D.I. 153) rejected, and Crane's motion for summary judgment (D.I. 142) is denied, for the reasons that follow:

1. **Background.** Plaintiff Herbert Pease, deceased, filed the above captioned asbestos case on August 1, 2008 in the Delaware Superior Court, alleging that "[a]s a result of Defendants' wrongful conduct. . . Pease developed the asbestos related disease. . . Mesothelioma, and other asbestos related pulmonary injuries and diseases." (D.I. 1, ex. A) When filed, there were 46 named defendants. (*Id.*) Defendant General Electric Company removed the case on September 25, 2008 pursuant to the federal officer removal statute, 28 U.S.C. § 1442(a)(1). (D.I. 1) On

October 1, 2008, the United States Judicial Panel on Multidistrict Litigation entered an order conditionally transferring this case to the Eastern District of Pennsylvania (the "MDL Court"). Crane filed its first motion for summary judgment on November 3, 2010. (D.I. 145) By order dated January 14, 2011, (the "MDL Summary Judgment Order"), the MDL Court denied Crane's prior motion. (See D.I. 143, ex. A (*Pease v. A. W. Chesterton Co.*, 2011 WL 4807465, at * 1 (E.D.Pa. Jan. 14, 2011)). Crane did not file a motion for reconsideration or reargument pursuant to E.D. Pa. R. Civ. P. 7.1(g) within the 14 day limit. Crane also failed to file a notice of opposition pursuant to Rule 10.2 of the Rules of Procedure of the United States Judicial Panel on Multidistrict Litigation. On March 8, 2011, the MDL Court remanded the case to this court with Crane as the only remaining defendant. (D.I. 122) On September 15, 2011, Crane filed the instant motion for summary judgment (the "Motion"). (D.I. 142)

2. **Standard of Review.** Pursuant to Federal Rule of Civil Procedure 53(f), the court "may adopt or affirm, modify, wholly or partly reject or reverse, or resubmit to the master with instructions." Fed. R. Civ. P. 53(f)(1). The court reviews the Special Master's conclusions of law *de novo*. Fed.R.Civ.P. 53(f)(4). Findings of fact rendered by the Special Master are also reviewed *de novo* absent the parties' stipulation to the contrary. Fed.R.Civ.P. 53(f)(3). The Special Master's rulings on procedural matters are reviewed under the abuse of discretion standard. Fed.R.Civ.P. 53(f)(5).

3. **Analysis: "Bare Metal" Defense.** Crane contends that this court should grant the Motion because plaintiffs failed to show that Crane manufactured or sold any asbestos-containing products at issue and, therefore, Crane "cannot be held liable for

2

asbestos-containing components manufactured by others and used with its valves post-sale." (D.I. 142) As the Special Master points out, this "bare metal" defense advanced by Crane has already been considered and disposed of by the MDL Court at the summary judgment stage. (D.I. 152) The MDL Court denied Crane's prior motion for summary judgment on this issue, stating "[e]ven if this court accepted [Crane's] 'bare metal' defense, [Crane] would not be entitled to summary judgment as [p]laintiffs have raised a genuine issue of material fact as to whether [Crane] products used by [plaintiff] contained asbestos." (D.I. 143, ex. A at 6.) Contrary to Crane's claim, the MDL Summary Judgment Order did not impliedly reserve for this court the determination of whether to grant Crane's Motion based upon its "bare metal" defense, but instead rejected it.[1]

4. **Application of Maritime Law**. Crane also argues that, subsequent to the MDL Court's application of Delaware law in denying Crane's prior motion for summary judgment, its application of maritime law to a similar case indicates that maritime law should have also been applied here, and that the MDL Court erred in failing to address Crane's arguments in light of the holding in *Lindstrom v. A-C Prod. Liab. Trust*, 424 F.3d 488, 492 (6th Cir. 2005).[2] (D.I. 142) This argument lacks merit because, as the MDL

---

[1] In previous cases where the MDL Court has reserved this issue for the transferor court to decide, it has specifically so stated. *See Happel v. Anchor Packing Co., et al.,* 2010 WL 7699153, at *1 (E.D. Pa. Oct. 14, 2010) ("[t]he issue of the 'bare metal' defense should be remanded to the transferor court since it is an unsettled area of law.").

[2] The MDL Court applied Delaware law to Crane's previous motion because "[s]ubstantive admiralty law displaces substantive state law only when the laws conflict . . . [and] as maritime law and Delaware do not conflict on the issue of product identification, this Court will apply Delaware law." (D.I. 152)

3

Court noted, its ruling would have been the same regardless of whether it applied Delaware law or maritime law. (D.I. 152) Furthermore, although the MDL Court applied Delaware law, the Special Master points out that it nonetheless "adopted the *Lindstrom* maritime language when it concluded: 'Viewing the facts in the light most favorable to Plaintiffs, Plaintiffs have created a genuine issue of material fact as to whether [Crane's] asbestos-containing products were a substantial factor in causing [Pease's] mesothelioma." (D.I. 152; *accord Lindstrom*, 424 F.3d 488, 492). Therefore, the Special Master is correct in stating that the MDL Court did address Crane's claims in light of the *Lindstrom* substantial factor test, contrary to Crane's present assertion. (D.I. 152).

5. **Untimely Motion for Reargument**. As the Special Master notes, in this motion Crane repeats the arguments it made to, and which were rejected by, the MDL Court.[3] Because Crane failed to take the procedural steps that would have allowed it to reargue these substantive claims before the MDL Court, this court will not again entertain those same arguments at the summary judgment stage.

United States District Judge

---

[3] Much of language in the brief supporting the current motion appears to have been lifted directly from Crane's previous brief in support of its prior motion for summary judgment.

4